IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| Phillip Steele, | : | Civil Action No.: 1:16-cv-1229 |
|---|---|---|
| Plaintiff, | : | |
| v. | : | |
| Wells Fargo Bank, N.A., | : | **COMPLAINT** |
| | : | **JURY TRIAL DEMANDED** |
| Defendant. | : | |

For this Complaint, the Plaintiff, Phillip Steele, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. ("TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, Phillip Steele ("Plaintiff"), is an adult individual residing in Graham, North Carolina, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), is a business entity located in Sioux Falls, South Dakota, and is a "person" as defined by 47 U.S.C. § 153(39).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

5. Within the last year, Wells Fargo began calling Plaintiff's cellular telephone, number 336-XXX-1032.

6. Wells Fargo called Plaintiff from telephone number 877-647-8551, using an automatic telephone dialing system ("ATDS").

7. When Plaintiff answered calls from Wells Fargo he experienced a brief period of silence before being connected to a live representative.

8. On or about May 12, 2016, Plaintiff spoke with a representative and requested that Wells Fargo cease calling.

9. Despite Plaintiff's request, Wells Fargo continued to place numerous ATDS calls to Plaintiff's cellular telephone, through and including August, 2016.

10. Plaintiff was annoyed, harassed and inconvenienced by Defendant's continued calls.

## COUNT I

## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, et seq.

11. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

12. At all times mentioned herein and within the last four years, Defendant called Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer") and a prerecorded or artificial voice.

13. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that

has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

14. Defendant's telephone systems have some earmarks of a Predictive Dialer. When Plaintiff answered the phone, he was met with a period of silence before Defendant's telephone system would connect him to the next available representative.

15. Upon information and belief, Defendant's Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

16. Despite being directed to cease all calls, Defendant continued to place automatic telephone calls to Plaintiff's cellular telephone. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

17. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

18. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19. Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

20. Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each call made in knowing and/or willful violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

## **TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 17, 2016

Respectfully submitted,

By:  /s/ Ruth M. Allen

Ruth M. Allen
Bar Number: 34739
7413 Six Forks Road, Suite 326
Raleigh NC  27615
Email: rallen@lemberglaw.com
Telephone: (855) 301-2100 Ext. 5536
Facsimile:  (888) 953-6237
Attorney for Plaintiff

Of Counsel To:

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424

4